111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paulette VANDENBOSCH, Plaintiff-Appellee,
v.
The LONG TERM DISABILITY PLAN FOR EMPLOYEES OF NORTHROP
CORPORATION, An Erisa Plan; Travelers Insurance
Company; Travelers Indemnity Company of
Rhode Island, et al.,
Defendants-Appellees.
 No. 95-56399.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1997.
Decided April 9, 1997.
 
 1
 Before: BROWNING and KLEINFELD, Circuit Judges, and MERHIGE,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Under Taft v. Equitable Life Assurance Soc'y, 9 F.3d 1469, 1474 (9th Cir.1993), Travelers did not act arbitrarily and capriciously when it denied Vandenbosch disability benefits under its insurance plan for the Northrop Corporation. Substantial evidence in the record supports Travelers' determination. 1) At her 1989 exit interview, Vandenbosch stated that she resigned due to frustration with her managers not because she was disabled. 2) On July 24, 1989 Dr. Partridge stated that Vandenbosch could work full time as a property coordinator if Northrup, by whom she had been employed, accommodated her with restrictions it had already established after Vandenbosch injured her back. 3) After she left Northrup, Vandenbosch represented to the unemployment commission that she was able to work and was looking for work. 4) Vandenbosch testified at her Social Security hearing that she did not become totally disabled until February 1990.
 
 
 4
 All of Vandenbosch's later medical evidence that contradicts this evidence arose months or even years after Vandenbosch left Northrup in July 1989. Thus, Travelers reasonably sought objective proof to support these later medical conclusions that contradicted the contemporaneous evidence. This search for objective data is not an additional requirement grafted onto the Plan in violation of Blau v. Del Monte Corp., 748 F.2d 1348, 1354 (9th Cir.1984). The Plan requires Vandenbosch to prove that she was totally disabled the day she quit and that she did not work after leaving. Travelers' request for objective data is a reasonable step in evaluating Vandenbosch's claim. Similarly, it properly relied on Vandenbosch's representations to the ALJ and the unemployment agency to determine whether or not she was totally disabled.
 
 
 5
 Vandenbosch cites no authority for her contention that Travelers acted arbitrarily and capriciously when it failed to have a doctor to review her claim. The record shows that Travelers carefully evaluated her medical evidence and repeatedly sought further evidence to support it. Travelers explained in detail why it did not accept Vandenbosch's later medical reports.
 
 
 6
 Although Travelers admits that it did not receive a description of the physical requirements of Vandenbosch's job, Vandenbosch sent it one. Moreover, Dr. Partridge stated that Vandenbosch could perform her job with accommodations. After evaluating all the evidence, Travelers reasonably concluded that Vandenbosch was not totally disabled when she quit her job at Northrup in July, 1989.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3